PER CURIAM.
In three separate bankruptcy proceedings, the trustee, Arnold S. White, object *674 ed to claimed exemptions from the relevant bankruptcy estates. In each case, the debtors sought, pursuant to § 2329.66(A)(10)(c) of the Ohio Revised Code, to exempt from the claims of creditors their “right in the assets held in ... any individual retirement account,” to the extent that the assets were attributable to contributions made within the applicable limits established by federal law. The trustee did not contest the fact that the claimed exemptions were in fact within those statutory limits. Rather, White insisted before the bankruptcy court only that the Ohio statute permitting such exemptions was improperly passed by the legislature. Specifically, the trustee contended that the bill amending the statute to allow for the exemption violated the “one-subject rule” of Article II, Sec. 15(D) of the Ohio Constitution by combining the amendment with legislation affecting the Retail Installment Sales Act, O.R.C. § 1317.08. He further contended that the amended bankruptcy exemption statute was void for vagueness.
In one of the three cases, In re John Robert Long and Sue B. Long, the bankruptcy judge disagreed with those arguments by White and upheld the validity of the state exemption statute in a six-page memorandum opinion. In the other two cases, In re Theodore David Williams and Peggy Ann Williams and In re David Edward Austin and Deborah Ann Austin, a different judge then affirmed the validity of the challenged statutory provisions for the reasons articulated in the Long decision. A subsequent consolidated appeal by the trustee resulted in another determination, this time by the district court, that the relevant statute had been properly enacted by the legislature.
In resolving the dispute before it, the district court accurately identified the relevant Ohio case law and noted first that “the mere fact that a bill embraces more than one topic is not fatal ‘as long as a common purpose or relationship exists between the topics.’ ” State ex rel. Ohio AFL-CIO v. Voinovich, 69 Ohio St.3d 225, 631 N.E.2d 582, 586 (Ohio 1994) (internal citations omitted; emphasis deleted). After determining that the elements of the legislation at issue were in fact related because each of the circumscribed topics dealt with the legal rights of debtors and creditors, the court went on to hold that the trustee’s “void for vagueness” argument was equally without merit. As the district judge recognized, for a statute “to constitute a deprivation of due process, it must be so vague and indefinite as really to be no rule or standard at all.” Exxon Corp. v. Busbee, 644 F.2d 1030, 1033 (5th Cir.1981) (internal quotation marks and citation omitted). Because the trustee was unable to come close to satisfying this difficult standard, the district court ruled that the statute passed constitutional muster.
On appeal, we review questions of law such as those presented by the trustee de novo. See Roach v. United States, 106 F.3d 720, 723 (6th Cir.1997). In doing so, it becomes apparent that the district judge accurately identified the relevant law and applied that law to the facts then before him. Because the reasons why judgment should be entered against the trustee have thus been adequately articulated by the district court, the issuance of a full written opinion by this court would be duplicative and serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its Opinion and Order filed on March 21, 2002.